**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 03-cr-00495-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FREDERICK D. DEBERRY,

    Defendant.

## ORDER DENYING PETITION FOR WRIT OF *CORAM NOBIS*

**Blackburn, J.**

The matter before me is the **Petition To Correct Illegal Sentence Pursuant to 28 U.S.C.A. § 1651 Writ of Coram Nobis** [#710],[1] filed January 18, 2023, by defendant Frederick D. DeBerry, appearing pro se.[2] The government submitted a response ([#714], filed February 22, 2023), and Mr. DeBerry filed a reply ([#715], filed March 23, 2023). I deny the petition.

### I. JURISDICTION

I have jurisdiction to consider Mr. DeBerry's motion under the All Writs Act, 28 U.S.C. § 1651(a). ***See United States v. Morgan***, 346 U.S. 502, 506, 74 S.Ct. 247, 250, 98 L.Ed. 248 (1954)

---

[1] "[#710]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] Because Mr. DeBerry is proceeding pro se, I construe his pleadings more liberally and hold them to a less stringent standard than formal pleadings drafted by attorneys. ***See Erickson v. Pardus***, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Haines v. Kerner,*** 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II.  FACTUAL AND PROCEDURAL BACKGROUND

In February 2008, Mr. DeBerry, proceeding pro se, pled guilty to one count of a three-count superseding indictment charging him with possession of a weapon in prison, in violation of 18 U.S.C. § 1791(a)(2).  As originally set forth in the plea agreement, the pertinent facts the government stated it would prove were as follows:

> On April 27, 2003[,] the defendant, Frederick D. DeBerry was an inmate at the United States Penitentiary in Florence, Colorado[,] a location which was then an[d] is presently within the exclusive territorial jurisdiction of the United States of America.  At around 9:00 p.m. on April 27, 2003[,] Bureau of Prisons staff members, specifically, BOP employee David Cherry[,] observed the defendant, Frederick D. DeBerry, involved in a discussion which turned into an altercation with another inmate, Wayne Wheelock.  Co-defendants Roderick L. Lackey and Paul S. Talifero were also involved in the altercation.  During the course of the laceration, which began on the ground floor of the Delta Bravo Unit, inmate Wheelock started towards the steps to the second floor of the Unit[.]  Inmate DeBerry possession and using a dangerous object that was designed and intended to be a dangerous weapon and was in fact a dangerous weapon, named an ice pick style weapon or knife stabbed at inmate Wheelock.  As Wheelock started up the steps he was further engaged with the defendant and the other inmates[.]   [A]t this juncture the defendant was also seen in possession of the previously mentioned dangerous weapon.  The defendant made stabbing motions towards Wheelock with the weapon.  After a few seconds[,] the defendant came down the steps.  Subsequent investigation determined that Mr. Wheelock sustained five stab wounds to his back area.  As a result of one of these wounds[,] Wheelock suffered from a collapsed lung which required surgery.

(**Plea Agreement and Statement of Facts Relevant to Sentencing** ¶ II at 4-5 [#551], filed February 8, 2008.)  In the margin, however, was a handwritten note, initialed by Mr. DeBerry, his advisory counsel, and counsel for the government:

2

> The defendant reserves the right to contest and to disagree with any language indicating that he did anything other than possess the prohibited object. The defendant also reserves the right to contest the extent of any injuries Wheelock may have received.

(*Id*. ¶ II at 5.)

The parties agreed that the advisory guideline range for the offense to which Mr. DeBerry pled guilty was 18 to 24 months, based on an offense level of 11 and a criminal history category of IV. Nevertheless, the government sought an upward departure to the full statutory maximum penalty of 60 months based on significant injury to the victim, as recommended in the Presentence Report. (*See* **PSR** ¶¶ 109-110 at 19 [#716], filed May 18, 2023 (citing **USSG** §§5K2.2 & 52K.6); **Government's Position With Respect to Sentencing** [#589], filed September 25, 2008.) A sentencing hearing was convened on September 30, 2008, but based on Mr. DeBerry's objection to the inclusion of facts related to his alleged use of the weapon and the extent of Mr. Wheelock's injuries, the court continued the sentencing and set a later date for an evidentiary hearing on those issues. (*See* **Sentencing** [#593], filed September 30, 2008.)[3]

Soon thereafter, Mr. DeBerry moved to withdraw his guilty plea, alleging he had agreed to plead only on the understanding the government would not seek any enhancement beyond the advisory guideline range, which prompted the addition of the

---

[3] I assume this fact from the subsequent course of events, despite language in the court's minutes which appears to indicate the court found the facts stated in the plea agreement were not disputed, purported to adopt the findings of the PSR, and concluded Mr. DeBerry had waived his right to contest the issues on which the court set a further factual hearing. (*See* **Sentencing** [#593], filed September 30, 2008.)

handwritten notation quoted above. (*See* **Motion To Withdraw Plea of Guilty in the Above Entitled Case** [#601], filed October 14, 2008.) Prior to the start of the evidentiary hearing, and after allowing Mr. DeBerry an additional opportunity to state his objections in open court, the court found the various factors which bear on whether a defendant should be permitted to withdraw his plea did not weigh in favor of allowing Mr. DeBerry to do so, and thus denied his motion. (**Sentencing Tr.** (Vol. II) at 17-23 [#666], filed January 26, 2009.)

The court then proceeded with the evidentiary hearing, which consumed the allotted remainder of that afternoon as well as another two hours the following morning. The government and Mr. DeBerry each presented two witnesses, and the government introduced, *inter alia*, a DVD of the encounter between Mr. DeBerry and Mr. Wheelock which had been captured by the prison's security cameras and was played for the court. In his closing argument, Mr. DeBerry insisted the video demonstrated that Mr. Wheelock instigated the fight and that he acted in self-defense. (**Sentencing Tr.** (Vol. III) at 152-155 [#667], filed January 26, 2009.)

At the conclusion of the evidentiary presentation, the court considered the very issue which this motion confronts: whether Mr. DeBerry was entitled to a jury determination of the factual issues which bore on whether the sentence should be enhanced above the advisory guidelines range. Recognizing that the Guidelines were merely advisory, the court found it appropriate to determine these facts for itself by a preponderance of the evidence. Under that standard, the court concluded Mr. Wheelock's injury constituted a "significant physical injury" and that Mr. DeBerry had

inflicted that injury intentionally, circumstances for which the advisory Guidelines range did not adequately account.  The court agreed with the conclusion of the Probation Officer that the incident was more analogous to an assault, which carried an offense level of 20, and which together with Mr. DeBerry's criminal history category of IV, resulted in an advisory guideline range of 51 to 63 months.  After considering the other section 3553(a) factors, including the fact that Mr. DeBerry had not been deterred by a previous 30-month sentence for a similar offense, and rejecting Mr. DeBerry's claims of self-defense, the court sentenced Mr. DeBerry to 54 months imprisonment for the offense.  (*Id.* at 161-168.)

On direct appeal, the Tenth Circuit rejected Mr. DeBerry's argument that the judge's decision to depart upward violated his Sixth Amendment right to a jury determination of the facts used to enhance his sentence above the advisory Guidelines range.  ***United States v. DeBerry***, 364 Fed. Appx. 404, 406 (10th Cir.) (citing ***United States v. Redcorn***, 528 F.3d 727, 746 (10th Cir. 2008)), ***cert. denied***, 130 S.Ct. 3371 (2010).  Mr. DeBerry did not raise this issue in his subsequent 2255 motion (*see* **Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. ¶ 2255** [#689], filed April 21, 2011), which the sentencing judge denied in any event (*see* **Order on Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. ¶ 2255** [#697], filed July 21, 2011.)[4]  Meanwhile, Mr. DeBerry completed his federal

---

[4] Instead, Mr. DeBerry raised the following issues:

> (1) vindictive and/or discriminatory prosecution, apparently based on his contention that the government sought the statutory maximum based on retaliatory or discriminatory motives and sought lesser sanctions against inmates involved in a similar assault; (2) judicial bias; (3) failure to

sentences in 2014 and was transferred to a Tennessee state correctional facility, where he presently remains incarcerated, to serve out an outstanding sentence there.  (*See* **PSR** at 1 & ¶ 47 at 10, TN Department of Correction, *Felony Offender Information, Frederick Demetrius DeBerry, Current Status* (available at:  https://foil.app.tn.gov/foil/ details.jsp (last accessed May 31, 2023).)

### III.  ANALYSIS

While "[t]he writ of coram nobis was available at common law to correct errors of fact," *Morgan*, 74 S.Ct. at 250 (footnote omitted), "in its modern iteration *coram nobis* is broader than its common-law predecessor," and now may be granted to redress fundamental, as opposed to merely technical, errors in criminal cases, ***United States v. Denedo***, 556 U.S. 904, 911, 129 S.Ct. 2213, 2220, 173 L.Ed.2d 1235 (2009).[5]  "A petition for a writ of coram nobis provides a way to collaterally attack a criminal conviction for a person . . . who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241."  ***Chaidez v. United States***, 568 U.S. 342, 345 n.1, 133 S.Ct. 1103, 1106 n.1, 185 L.Ed.2d 149 (2013).

Despite the court's theoretical ability to grant the writ, the circumstances in which it may be appropriate to do so are extremely limited.  ***Rawlins v. Kansas***, 714 F.3d

---

consider section 5K2.10 of the sentencing guidelines and Deberry's self-defense argument; (4) ineffective assistance of counsel for failing to raise these issues on appeal; (5) due process violation, based on Deberry's assertion that the sentence imposed was unreasonable and disproportionate compared to the treatment of his codefendants.

(**Order on Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. ¶ 2255** at 3 [#697], filed July 21, 2011.)  The Tenth Circuit denied a certificate of appealability.  451 Fed. Appx. 749 (10th Cir. 2011).

[5]  By contrast, the writ has been abolished in civil cases.  *See* FED. R. CIV. P. 60(e).

1189, 1195 (10th Cir.), **cert. denied**, 134 S.Ct. 365 (2013).  The writ should be granted only in "extraordinary cases presenting circumstances compelling its use to achieve justice."  **Denedo**, 129 S.Ct. at 2220 (citation and internal quotation marks omitted).  **See also Morgan**, 74 S. Ct. at 252.  Indeed, the Supreme Court has opined that "it is difficult to conceive of a situation in a federal criminal case today where a writ of *coram nobis* would be necessary or appropriate."  **Carlisle v. United States**, 517 U.S. 416, 429, 116 S.Ct. 1460, 1468, 134 L.Ed.2d 613 (1996) (citation, internal quotation marks, and brackets omitted).

This case presents no exception.  The infirmities in Mr. DeBerry's petition are numerous.  In fact, the petition fails on almost every point.

As the Tenth Circuit made plain to Mr. DeBerry on direct appeal, his claim is substantively groundless.  His arguments conflate the right to a jury determination as to facts which increase the *statutory* sentencing range with the discretion of a judge to determine facts which effect a defendant's sentence within that range under the now-advisory Sentencing Guidelines.[6]  A brief recital of the apposite legal precedents shows where Mr. DeBerry's argument stumbles.

---

[6] Interestingly, Mr. DeBerry appears to have understood this distinction at the time of his direct appeal.  His arguments there were based on Justice Scalia's concurring opinion in **Rita v. United States**, 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007), which questioned whether a sentence within the statutory range might still be excessive in light of the facts found by a jury or admitted by the defendant; that is, if the judge-found facts were what rendered the sentence excessive, albeit beneath the statutory maximum.  **See id.**, 127 S.Ct. at 2476-78 (Scalia, J., concurring in part and concurring in the judgment).  Although noting "Mr. Deberry's arguments, admittedly, make for interesting academic discussion," the Tenth Circuit nevertheless found they were precluded by its own prior precedents interpreting **United States v. Booker**, discussed more fully below.  **See DeBerry**, 364 Fed. Appx. at 406.

The line of apposite authority traces its origins to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in which the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.*, 120 S.Ct. at 2362-63.[7]  Nevertheless, the Court was careful not to

> suggest[] that it is impermissible for judges to exercise discretion – taking into consideration various factors relating both to offense and offender – in imposing a judgment *within the range* prescribed by statute.  We have often noted that judges in this country have long exercised discretion of this nature in imposing sentence *within statutory limits* in the individual case.

*Apprendi*, 120 S.Ct. at 2358 (emphases in original).

Following *Apprendi*, the question remained whether its principles applied to the Sentencing Guidelines.  Following the Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), it appeared it would.  In *Blakely*, the Court, considering state-law sentencing provisions similar to the Guidelines, held "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely*, 124 S.Ct. at 2537 (emphasis in original).  There being no distinction of constitutional significance between the federal Sentencing Guidelines and the state procedures invalidated in *Blakely*, *see id.* at 2549 (O'Connor, J., dissenting), the decision seemed to presage the demise of the Guidelines.

---

[7] The defendant in *Apprendi* pled guilty to a state-law firearm charge which carried a maximum term of ten years, but based on the trial judge's finding that the defendant's acts were racially motivated, the sentence was enhanced to 12 years under the state's hate crime statute.  120 S.Ct. at 2351-52.

The Court ultimately avoided this outcome, however, by invalidating only those provisions of the Guidelines which made them binding.  *See United States v. Booker*, 543 U.S. 220, 245, 125 S.Ct. 738, 756-57, 160 L.Ed.2d 621 (2005) (with the excision of these provisions, the Guidelines are "effectively advisory").  As thus amended, "[t]he Guidelines [] continue to guide district courts in exercising their discretion by serving as the framework for sentencing, but they do not constrain that discretion." *Beckles v. United States*, 580 U.S. 256, 265, 137 S.Ct. 886, 894, 197 L.Ed.2d 145 (2017) (internal citations, quotation marks, and brackets omitted).  More to the point, because the Guidelines are now merely advisory, there is no Sixth Amendment issue "when a trial judge exercises his discretion to select a specific sentence within a defined range[:] the defendant has no right to a jury determination of the facts that the judge deems relevant." *Booker*, 125 S.Ct. at 750.  *See also United States v. Mullins*, 632 Fed. Appx. 499, 503 (10th Cir. 2015) (judge can "find facts supporting a Guidelines enhancement as long as the resulting Guidelines range isn't applied in a binding way altering the prescribed statutory sentence."), *cert. denied*, 136 S.Ct. 1700 (2016); *United States v. Ray*, 704 F.3d 1307, 1314 (10th Cir.) ("*Apprendi* does not apply to the present advisory-Guidelines regime."), *cert. denied*, 133 S.Ct. 2812 (2013).

Under those precedents, Mr. DeBerry's federal sentence plainly presents no Sixth Amendment issue.  The maximum penalty for the crime to which Mr. DeBerry pled guilty was five years, i.e., sixty months.  *See* 18 U.S.C. §§ 1791(a)(2), (b)(3) & (d)(1)(B).  As Mr. DeBerry's fifty-four month sentence did not exceed that statutory ceiling, *Apprendi* and its progeny are not implicated.  It was an entirely permissible exercise of the judge's discretion to conclude that a within-Guidelines sentence did not

adequately account for the nature of Mr. DeBerry's crime based on facts which he found by a preponderance of the evidence.

Nor are Mr. DeBerry's arguments saved by the later decision in **Alleyne v. United States**, 70 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), on which he bases this petition. Instead, **Alleyne** merely extends the principle of **Apprendi** to facts which increase the minimum statutory penalty. **See id.**, 133 S.Ct. at 2155. As the statute under which Mr. DeBerry was sentenced prescribes no minimum sentence, **Alleyne** is simply inapplicable.[8] **United States v. Dickerson**, 678 Fed. Appx. 706, 728 (10th Cir. 2017) (**Alleyne** "inapposite" because statute of conviction included no mandatory minimum); **United States v. Zar**, 790 F.3d 1036, 1054-55 (10th Cir.) ("The defendants' reliance on . . . **Alleyne** is misplaced as none of the defendants were subject to mandatory minimum sentences[.]"), **cert. denied**, 136 S.Ct. 562 (2015). He therefore fails to show any error, much less one which casts doubt on the validity of the judgment, **United States v. Roman**, 2015 WL 12857313 at *5 (D. Colo. Aug. 27, 2015), which must be remedied to prevent a "complete miscarriage of justice," **Klein v. United States**, 880 F.2d 250, 254 (10th Cir. 1989).

Moreover, even if Mr. DeBerry had asserted a viable claim to relief, his petition would fail procedurally. In light of the extraordinary nature of coram nobis, the availability of the remedy is strictly circumscribed. **See Chiquito v. United States**, 2021 WL 1663710 at *3 (D.N.M. April 28, 2021) ("The further a case progresses through the remedial steps available to a criminal defendant, the more stringent the

---

[8] Even if it were, "**Alleyne**'s status as non-retroactive on collateral review is a settled rule." **United States v. Hoon**, 762 F.3d 1172, 1173 (10th Cir. 2014) (citation and internal quotation marks omitted).

10

requirements for vacating a final judgment. . . . .  The writ of error coram nobis lies at the far end of the continuum."), **aff'd**, 2021 WL 4497398 (10th Cir. Oct. 1, 2021), **cert. denied**, 142 S.Ct. 1424 (2022).  Aside from the fact that Mr. DeBerry is no longer in federal custody, and thus is appropriately postured to seek a writ of coram nobis, he fails to clear every other procedural hurdle to availability of the writ.

For one thing, Mr. DeBerry's claim is procedurally defaulted.  "Absent those traditional grounds that have excused successive or abusive habeas petitions, a petition for writ of coram nobis must be rejected if the claim was raised or could have been raised on direct appeal, through a § 2255 motion, or in any other prior collateral attack on the conviction or sentence."  **United States v. Miles,** 923 F.3d 798, 804 (10th Cir.), **cert. denied**, 140 S.Ct. 470 (2019).  **See also United States v. Payne**, 644 F.3d 1111, 1112 (10th Cir. 2011) (coram nobis inappropriate "unless relief under 28 U.S.C. § 2255 was unavailable or would have been inadequate").  As noted above, Mr. DeBerry raised on direct appeal a claim that he was entitled to a jury determination as to whether he intentionally inflicted significant physical injury on Mr. Wheelock.  He thus clearly was aware of and preserved the issue for review on collateral attack.  He offers no reason why he did not or could not have pursued the matter in his 2255 motion.  **See Prost v. Anderson**, 636 F.3d 578, 589 (10th Cir. 2011) (section 2255 remedy itself is inadequate or ineffective only if remedy itself is infirm, not simply failure to pursue it or to prevail on merits), **cert. denied**, 132 S.Ct. 1001 (2012).[9]

---

[9]  Of course, "[c]ause excusing procedural default is shown if a claim is so novel that its legal basis was not reasonably available . . . at the time of the direct appeal."  **United States v. Snyder**, 871 F.3d 1122, 1127 (10th Cir. 2017), **cert. denied**, 138 S.Ct. 1696 (2018) (brackets and internal quotation

Moreover, even if **Apprendi** or **Alleyne** had any application to the facts of this case, Mr. DeBerry, who was released from federal custody in 2014, waited almost a decade to file this petition. "Anyone wishing to win a writ of coram nobis must first establish (among other things) that he exercised due diligence in bringing his claim to court." **United States v. Tarango**, 670 Fed. Appx. 981, 982 (10th Cir. 2016). **See also Embrey v. United States**, 240 Fed. Appx. 791, 794 (10th Cir. 2007) ("[T]he writ of coram nobis is not a proper vehicle for (re)litigating years – or decades – later issues that were or could have been raised earlier."); **Klein v. United States**, 880 F.2d 250, 254 (10th Cir. 1989) (petitioner must show valid reasons for not attacking the conviction earlier).[10] That Mr. DeBerry allegedly was unaware of these inapposite precedents until recently (**see Reply** at 5) does not excuse the delay; "it is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally doesn't excuse prompt filing.'" **Tarango**, 670 Fed. Appx. at 982 (quoting **Marsh v. Soares**, 223 F.3d 1217, 1220 (10th Cir. 2000), **cert. denied**, 121 S.Ct. 1195 (2001)).

---

marks omitted). Nevertheless, the only potentially apposite precedent here was **Apprendi**, which was decided years before Mr. DeBerry was sentenced; as discussed above, the post-sentencing decision in **Alleyne** is inapplicable to Mr. DeBerry's situation.

[10] It also is not clear that the delay in the commencement of Mr. DeBerry's state court sentence occasioned by the increase in his federal sentence constitutes a "collateral" consequence sufficient to implicate coram nobis relief. Although the Tenth Circuit ostensibly has imposed such a requirement, **see United States v. Pruett**, 21 F.3d 1123 (10th Cir. 1994), this court has found no case in this circuit specifying its parameters. Nevertheless, the Seventh Circuit has held that a collateral consequence is one which creates an ongoing *civil* disability. **See United States v. Bush**, 888 F.2d 1145, 1146 (7th Cir.1989) (requirement needed to preserve the finality of criminal judgments and as a substitute for the "custody" requirement of section 2255). Thus, for example, disbarment as a result of a conviction is "the sort of civil disability [that] could support the issuance of the writ." **United States v. Keane**, 852 F.2d 199, 203 (7th Cir. 1988), **cert. denied**, 109 S.Ct. 2109 (1989). Adverse consequences for a defendant's immigration status likewise have been found to constitute collateral consequences. **See Roman**, 2015 WL 12857313 at *5. **Cf. United States v. George**, 824 F.Supp.2d 217, 220-21 (D. Mass. 2011) (loss of pension benefits is a "sunk cost" and not collateral), **aff'd**, 676 F.3d 249 (1st Cir. 2012). By contrast, delay in beginning (and consequently completing) another sentence is merely incidental to the sentence Mr. DeBerry received. **See United States v. Sloan**, 505 F.3d 685, 697 (7th Cir. 2007).

## IV.  ORDERS

For these reasons, the petition for writ of coram nobis is denied.

**THEREFORE, IT IS ORDERED** that Mr. DeBerry's pro se **Petition To Correct Illegal Sentence Pursuant to 28 U.S.C.A. § 1651 Writ of Coram Nobis** [#710], filed January 18, 2023, is denied.

Dated June 5, 2023, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge